**HEASLEY, Admr.,**

v.

**CINCINNATI INSURANCE COMPANY et al.**

Court of Common Pleas of Ohio,
Probate Division, Trumbull County.

No. 2008 CVA 0012.

Decided Jan. 27, 2009.

---

David H. Davies, for plaintiff.

Enzo C. Cantalamessa, for the Cincinnati Insurance Company.

Christopher J. Schiavone, for defendant.

---

SWIFT, Judge.

{¶ 1} This matter came on to be heard on the amended complaint on bond and for surcharge filed pursuant to R.C. 2109.61 and cross-claim for indemnification against defendant James J. Nuzzi.

{¶ 2} The court finds that the parties agreed to and made the following stipulations:

1. The amount of the gross estate of Albert J. Nuzzi, deceased, is $77,604.98.

2. The amount of the administrative claims and debts are $31,838.33, leaving a net estate available for distribution in the amount of $45,766.65.

3. The estate has two beneficiaries, Teresa Nuzzi Heasley and James J. Nuzzi, and each beneficiary is entitled to receive the amount of $22,883.33 as their distributive share of the estate.

4. James J. Nuzzi, as former administrator, distributed the amount of $47,514.44 to himself, of which the amount of $24,631.11 is in excess of the amount to which he is entitled as his distributive share of the estate.

5. James J. Nuzzi, as former administrator, paid uncredited debts and expenses of the estate in the amount of $4,720.00 and made an advance to the estate in the amount of $2,583.00 for a total credit due in the amount of $7,303.00.

6. The uncredited debts, expenses, and advances in the amount of $7,303.00 are a deduction from the amount of $24,631.11 in excess of the distributions, leaving a net balance of $17,328.11 James J. Nuzzi owes the estate and attorney fees and costs incurred in the prosecution of this action.

7. David H. Davies, Esq., shall submit an application to the court for approval of attorney fees not to exceed $12,000.00, as agreed to by the parties, and expenses.

8. James J. Nuzzi, administrator, filed a bond in the estate in the amount of $120,000.00, and the Cincinnati Insurance Company is the surety on the bond.

{¶ 3} The court finds that the bond filed in the estate did not include the application for the bond and did not refer to any separate agreement between the principal and surety.

{¶ 4} The court finds that the Cincinnati Insurance Company raises the defense that the claim against the bond is bound by the bond provisions, including the declarations, definitions, insuring agreements, exclusions, conditions, and endorsements. The court finds that the indemnity clause on the application for the bond contained a clause that the Cincinnati Insurance Company could demand, if it was necessary to establish a reserve, that James J. Nuzzi deposit cash funds with the company in an amount sufficient to satisfy any claim against the company by reason of such suretyship. The court finds that the Cincinnati Insurance Company has demanded that James J. Nuzzi deposit funds sufficient to satisfy the amount of the claim in the amount of $75,000 and that he has failed to make the deposit.

{¶ 5} At issue is whether or not the bond remains in effect. The Cincinnati Insurance Company argues failure to make the deposit invalidates the bond. This is a case of first impression under Ohio law.

{¶ 6} In *Cent. Sur. & Ins. Corp. v. Richardson* (1938), 183 Okla. 38, 80 P.2d 663, the Oklahoma Supreme Court held that the surety on a bond was not entitled to a release from liability pursuant to the terms of an application and agreement between the principal and surety when the agreement was not referred to or made a part of the bond filed with and approved by the court. The application and agreement was only a separate and private agreement between the principal and the surety and was ineffectual against a third party who had no notice of the agreement. Id.

{¶ 7} The court finds that the Cincinnati Insurance Company is not entitled to a release on the bond as the terms of the agreement were not part of the bond filed with the court and it is a private and separate agreement between the principal and surety. The court finds that the bond remains in effect and valid.

{¶ 8} Therefore, it is ordered that the Cincinnati Insurance Company is liable in the amount of $17,328.11 on the bond to the estate of Albert J. Nuzzi, deceased, plus attorney fees and costs incurred in the prosecution of this action upon application to and approval by the court. It is further ordered that the claim for indemnification by the Cincinnati Insurance Company against James J. Nuzzi is hereby granted in the amount of $17,328.11 plus attorney fees and costs incurred in the prosecution of this action upon application to and approval by the court. It is further ordered that James J. Nuzzi be and hereby is surcharged in the amount of $17,328.11 plus attorney fees and costs incurred in the prosecution of this action upon application to and approval by the court.

Judgment accordingly.